In re Bowen W. BANBURY, Debtor.

J. Hunter Banbury, Plaintiff,

v.

Bowen W. Banbury, Defendant.

Bankruptcy No. 09–31477 ABC.
Adversary No. 10–01125 ABC.

United States Bankruptcy Court,
D. Colorado.

May 25, 2010.

---

Bruce E. Rohde, M. Frances Cetrulo Denver, CO, for Plaintiff.

Megan M. Adeyemo, Denver, CO, for Defendant.

## ORDER DENYING MOTION TO COMPEL JOINDER, ABSTAINING AS TO CERTAIN CLAIMS, GRANTING RELIEF FROM STAY, AND HOLDING CASE IN ABEYANCE PENDING RESOLUTION OF STATE COURT LITIGATION

A. BRUCE CAMPBELL, Bankruptcy Judge.

This matter comes before the Court on the Motion to Compel Joinder of Necessary Parties filed by Plaintiff, J. Hunter Banbury, and the Response thereto filed by the Debtor/Defendant, Bowen W. Banbury ("Debtor"). The Court having reviewed the foregoing and the file in this matter, and being otherwise advised, finds as follows.

### Background

The Debtor filed his Chapter 11 bankruptcy on October 12, 2009. At that time, the Debtor was a party to numerous lawsuits involving family members and business associates. In very general terms, the suits involve either: (1) the sale of the assets of DocuVault Colorado, LLC ("DocuVault") and related companies, and the disposition of the proceeds of the sale; or (2) the administration of trusts established for the benefit of the Debtor and other family members.

One of these lawsuits, now pending in Denver District Court (2009 CV 5535), was brought by Steele Street Bank & Trust ("Steele Street") as trustee of the Bowen 1994 Irrevocable Trust ("Bowen Trust"), of which Debtor is a beneficiary, against J. Hunter Banbury ("Hunter"), who is the Debtor's brother and who was formerly the trustee of the Bowen Trust ("State Court Litigation"). Steele Street's original claims against Hunter involved the validity of a deed of trust for the benefit of Hunter, executed and recorded by Hunter, in his capacity as trustee of the Bowen Trust, which encumbers property owned by the Bowen Trust. The deed of trust purportedly secures a promissory note payable to Hunter by the Bowen Trust. On August 3, 2009, in the State Court Litigation, Hunter filed an Amended Answer, Counterclaims and Jury Demand against Steele Street, the Debtor, and the Debtor's wife, Lana Banbury ("Lana"). Hunter asserted counterclaims for declaratory judgment, breach of contract and an action on the promissory note against Steele Street, the Debtor, and Lana. He asserted counterclaims for promissory or equitable estoppel, breach of trust or fiduciary duty, and unjust enrichment against the Debtor only. Though Hunter asserted counterclaims against them, the Debtor and Lana were not plaintiffs in the State Court Litigation, and, as discussed further below, the Denver District Court recently denied Steele Street's motion to add them as parties and to amend the complaint.

On January 22, 2010, Hunter filed this adversary proceeding asserting claims for nondischargeability under Sections 523(a)(2), (4), and (6) of the Bankruptcy Code. Hunter alleges that he and the Debtor had an agreement that Hunter was

entitled to a 24% interest in DocuVault, which was to be transferred to the Hunter 1994 Irrevocable Trust ("Hunter Trust"), of which Hunter is the primary beneficiary, and of which the Debtor was, until March, 2008, trustee. The Complaint in the instant adversary proceeding alleges that the Debtor has refused to recognize Hunter's interest in DocuVault as beneficiary of the Hunter Trust and has failed to distribute any of the proceeds from the sale of DocuVault to Hunter. This Complaint asserts that the Debtor has committed fraud, breached his trust and fiduciary duties to Hunter, committed fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny, and willfully and maliciously injured Hunter and Hunter's property by misappropriating Hunter's interest in DocuVault. The state law claims which form the basis for the Complaint in this adversary proceeding were also asserted by Hunter as counterclaims against the Debtor in the pending State Court Litigation.

In his answer in this adversary proceeding, the Debtor has asserted his own counterclaims against Hunter for fraudulent inducement, declaratory relief, disallowance of Hunter's claims against the Debtor's bankruptcy estate, breach of fiduciary duty, conversion, and theft. These counterclaims relate to Hunter's execution of the promissory note and deed of trust encumbering the Bowen Trust property, and the agreement under which Hunter resigned as trustee of the Bowen Trust.

On April 8, 2010, in response to the Debtor's counterclaims in this adversary proceeding, Hunter filed his Motion to Compel Joinder. Hunter argues that Steele Street and Lana, as the trustee and other beneficiary[1] of the Bowen Trust, are

necessary parties to the Debtor's counterclaims to the extent they implicate property of the Bowen Trust and/or rights of the beneficiaries. The Debtor has responded that he does not oppose joinder, unless Hunter, in turn, then argues that this Court lacks jurisdiction to determine all of the claims that would then become a part of this adversary proceeding.

On April 22, 2010, the Denver District Court entered its order denying Steele Street's motion to amend its complaint and to add Bowen and Lana as plaintiffs in the State Court Litigation. The claims which Steele Street, Bowen, and Lana sought to add in their amended complaint are the same claims raised by Bowen as counterclaims in this adversary proceeding. The Denver District Court denied the motion *without prejudice*, stating that, "in the event the U.S. Bankruptcy Court declines to exercise jurisdiction over the counterclaims ... Plaintiffs will be granted leave to amend under CRCP 15 upon renewal of this motion...."

## Discussion

Before this Court may properly determine whether Hunter's claims against the Debtor are excepted from discharge under Section 523(a) of the Bankruptcy Code, a determination must first be made as to the validity and amount of those claims and the validity and amount of the Debtor's counterclaims against Hunter. The proper resolution of those claims involves parties and claims not currently before the Court in this proceeding, including Steele Street and Lana, and potentially including the Hunter Trust, and its current trustee and beneficiaries. It is appropriate that all of the state law claims involved in this adversary proceeding and in the State

---

1. Lana is a beneficiary of the Bowen Trust as are Lana's and the Debtor's minor children. The Debtor and Hunter assert that Lana may properly represent both her own interest and the interests of the children as beneficiaries of the trust.

Court Litigation be resolved in one forum with unquestioned jurisdiction over all of the parties and subject matter. It is not clear that this Court is such a court. Certainly none of the claims are "cases under title 11," therefore this Court would not have jurisdiction of them under 28 U.S.C. § 1334(a). Some, but not all, of the claims concerning the validity of the promissory note and deed of trust, the agreements between Hunter, the Debtor, and others, and the administration of the Bowen and Hunter Trusts "arise in" the Debtor's bankruptcy case, so the court would have jurisdiction of them under 28 U.S.C. § 1334(b). Many, but not necessarily all, of the remaining claims could be "related to" claims, conferring jurisdiction on this Court under 28 U.S.C. § 1334(b). In any event, for any "related to," "non-core" claims, this Court could not enter a final judgment without consent of all the parties, pursuant to 28 U.S.C. § 158(c), or re-referral to the United States District Court. Finally, this Court cannot hold a jury trial on any claims for which such a right exists. The Denver District Court, however, could exercise jurisdiction over, conduct a jury trial on, and enter final judgments on all the state law claims.

If Hunter succeeds in the State Court Litigation in establishing liability and damages on any of his claims against the Debtor, then this Bankruptcy Court may address, in this adversary proceeding, whether such claims come within an exception to discharge under section 523(a) of the Bankruptcy Code.[2]

Under 28 U.S.C. § 1334(c)(1), this Court may, "in the interest of justice, or in the interest of comity with State courts or respect for State law, … abstain from hearing any particular proceeding" arising under, arising in, or related to the over-all bankruptcy case of which the Bankruptcy Court has exclusive jurisdiction under 28 U.S.C. § 1334(a). Because of the questions concerning this Court's jurisdiction and in the interests of the efficient use of judicial resources, this Court determines that it should abstain from determining the state law claims that have been raised both in this adversary proceeding and in the State Court Litigation. It is accordingly,

ORDERED that Hunter's Motion to Compel Joinder of Necessary Parties is denied; it is

FURTHER ORDERED that this Court shall abstain, under 28 U.S.C. 1334(c)(1), from determining the validity and extent of the state law claims between Hunter and the Debtor that have been raised in the Complaint in this adversary proceeding and in the Debtor's counterclaims in this adversary proceeding, it being the intent of this Court that the parties proceed to determine and liquidate all such claims in the State Court Litigation; it is

FURTHER ORDERED that this Court retains jurisdiction over the Federal claims for determination, under 11 U.S.C. § 523(a), of the dischargeability of any debt or debts owed by the Debtor to Hunter, after such claims have been litigated and determined by the Denver District Court; it is

FURTHER ORDERED that the automatic stay of 11 U.S.C. § 362(a) is hereby lifted to allow the parties to proceed with the State Court Litigation as provided herein; and it is

---

2. While not often exercised, with respect to claims under 11 U.S.C. § 523(a)(2), (4), or (6), should the Denver District Court choose, it can exercise its concurrent jurisdiction to determine the dischargeability of any debt proven up by Hunter against the Debtor in the State Court Litigation. The bankruptcy court's jurisdiction over determinations of nondischargeability is "original but not exclusive" under 28 U.S.C. § 1334(b).

FURTHER ORDERED that the claims for determination of dischargeability of the Debtor's debts to Hunter are held in abeyance pending final resolution of the State Court Litigation.